IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| David Murray, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00797 |
| v. | : | Judge Marbley |
| City of Columbus, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# Order

This matter is before the Magistrate Judge on plaintiff David Murray's December 20, 2011 first amended motion for sanction of judgment or, in the alternative, for an adverse inference, fees and sanctions (doc. 26).

**I.     Allegations in the Complaint**

Plaintiff David Murray is a member of a bargaining unit that has a collective bargaining agreement ('CBA") with the City of Columbus. Am. Compl. ¶ 4. On September 18, 2007, defendant Mitchell Brown filed a complaint alleging that plaintiff improperly disclosed information from the Internal Affairs Bureau to the media. *Id.* at ¶ 12. Brown's complaint was governed by the 90-day time limit on investigation contained in the CBA. *Id.* at ¶ 13. The complaint alleges that the investigation of the complaint exceeded the 90-day time limit, and the continued investigation of plaintiff violated his right to due process. *Id.* at ¶ 14. Defendant Brown terminated plaintiff on

1

September 4, 2008. Plaintiff timely grieved his termination in accordance with the CBA. *Id.* at ¶ 16. From September 4, 2008 through September 3, 2010, the City, the Fraternal Order of Police ("FOP") and defendant John Does conducted negotiations to resolve plaintiff's grievance. *Id.* at ¶ 17. As of September 3, 2010, no arbitration date had been set, and plaintiff filed this lawsuit in order to preserve his due process claims. *Id.* at ¶ 18.

From December 2009 through June 24, 2011, the arbitrator proposed 24 to 25 dates for arbitration. No arbitration was ever held. *Id.* at ¶ 21. On June 23, 2011, counsel for the City of Columbus and the FOP stated that a settlement in principle was reached in 2010. Although the settlement had not been executed, the language had been finalized and the agreement would be executed no later than July 15, 2011. *Id.* at ¶ 30. Counsel for plaintiff received a copy of the settlement agreement on September 29, 2011. *Id.* at ¶ 34.

Plaintiff asserts claims for violation of his procedural and substantive due process rights arising under the Fourteenth Amendment and for fraud, civil conspiracy, and breach of contract.

    II.    **Arguments of the Parties**

        A.    **Plaintiff David Murray**

Plaintiff argues that either the City and FOP reached an agreement in July 2010 and failed to give him notice of the resolution until September 29, 2011 perpetuating a fraud against plaintiff or the City and FOP did not reach an agreement until shortly

2

before September 29, 2011 perpetuating a fraud against the Court. Plaintiff maintains that it is highly unlikely that any settlement agreement existed prior to June 23, 2011 because had one existed it would have been dispositive.

Plaintiff argues that FOP may be sanctioned for its actions even though it was not a party to this case at the time the representations were made to the Court. Plaintiff maintains that a court has the inherent power to conduct proceedings, investigate allegations and punish conduct of fraud on the court.

### B. Defendants City of Columbus and Mitchell Brown

Defendants argues that sanctions pursuant to Rule 37 are not warranted because plaintiff has not engaged in any discovery and the City made its initial disclosures as required by Rule 26. Defendants maintain that plaintiff cannot demonstrate how the delay in receiving the settlement agreement prejudiced him in any manner. The City argues that it did not act in bad faith when it failed to note the existence of the settlement agreement it its motion to dismiss. There was no reason for the City to disclose the existence of the settlement agreement in it its initial disclosures. The City maintains it had no obligation to inform plaintiff of the status of ongoing negotiations between the City and the FOP because that responsibility belonged to the union.

The City maintains that it complied with all of the Court's orders and that it kept plaintiff and the Court informed as to the status of the settlement agreement and the delay in its execution. The City argues that plaintiff's assertion that he was not able to file an administrative action with SERB is without merit. According to defendant,

3

plaintiff filed an unfair labor practice charge against the City on January 18, 2011, which was dismissed on June 30, 2011. Plaintiff filed a second charge on December 21, 2011 and an amended charge on January 13, 2012. Defendant maintains that plaintiff has not been prevented from filing any administrative action with SERB.

### C. Defendants Fraternal Order of Police and James Gilbert

Defendants FOP and James Gilbert were not parties to the action at the time of the June 23, 2011 scheduling conference. They argue that they could not have violated any Court orders because no orders were directed to them. FOP and Gilbert maintain that sanctionable conduct must be proven by clear and convincing evidence and the Court must make a specific finding of bad faith and identify the particular misconduct it deems sanctionable. Defendants maintain that the case law relied upon by plaintiff involved non-party individuals or entities that were closely tied to or aligned with the named party. Here, no such relationship between the FOP and the City exists.

Defendants maintain that plaintiff was fully aware that settlement negotiations were taking place. According to defendants, counsels' representation that a settlement in principle was reached during the summer of 2010 was accurate. There was no misrepresentation or fraud.

### III. Sanctions

Although plaintiff purports to base his motion for sanctions on Rule 37 of the Federal Rules of Civil Procedure, this rule is not applicable at this stage of proceedings. No discovery has been conducted thus far, and defendants have not disobeyed a

4

discovery order. The Court may, however, impose sanctions based on its inherent authority. *Chambers v. NASCO*, 501 U.S. 32 (1991). A court's inherent power "is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). The inherent authority of the Court

> is both broader and narrower than other means of imposing sanctions. First, whereas each of the other mechanisms reaches only certain individuals or conduct, the inherent power extends to a full range of litigation abuses. At the very least, the inherent power must continue to exist to fill in the interstices.

501 U.S. at 46.

Plaintiff filed this action based on defendants' failure to set a date for arbitration. At the preliminary pretrial conference, I told counsel that I was concerned that the parties were wasting time and money on this federal lawsuit and the unfair labor practices charges pending before SERB when an arbitration might resolve all issues. I ordered that the parties and their counsel contact the arbitrator and agree to a date for arbitration. In the event this failed to occur, counsel for the parties and the FOP and the arbitrator were ordered to appear before me to explain why the arbitration had not been scheduled. June 9, 2011 Preliminary Pretrial Order, Doc. 19, PAGEID # 102.

On June 23, 2011, the arbitration had still not been scheduled and counsel for all parties appeared before me. At this status conference, for the first time, counsel for the City and the FOP indicated that a settlement in principle had been reached in July 2010,

5

although no agreement had been executed. They represented that settlement agreement language had been finalized and that the agreement should be executed by July 15, 2011. June 24, 2011 Status and Status Conference Order, Doc. 20, PAGEID # 105. According to plaintiff, this was the first time he learned of a settlement in the case. Plaintiff did not receive the settlement agreement until September 29, 2011. October 3, 2011 Status and Status Conference Order, Doc. 23, PAGEID # 119.

Plaintiff questions the authenticity of the document that was purportedly agreed to in July 2010. Plaintiff relies on the facts that defendant's motion to dismiss places no reliance on the purported settlement agreement. Plaintiff also submitted the FOP Bi-Weekly Grievance/Discipline Report authored by the Public Safety Human Resource Officer which provides a chronological record and synopsis of grievances. The report indicates that no settlement had been reached and that as of December 2010, the grievance was proceeding to arbitration.

Defendants have provided no explanation for counsels' apparent lack of knowledge that a settlement had been reached. Despite the lack of any explanation on the part of defendants, plaintiff has not provide sufficient evidence to demonstrate that a fraud on the Court had been committed. My efforts were directed toward settlement of this federal lawsuit to avoid further expenditures of time and money on it. I thought that could be accomplished by focusing on the resolution of Lt. Murray's grievance. While I do not understand why defendants' counsel was unaware of the settlement of the grievance until after the preliminary pretrial conference, her lack of knowledge is

not a ground for sanctions. Plaintiff did ultimately receive the information he needed. The delay in getting the information did not interfere with his ability to prosecute this federal lawsuit. As a result, I conclude that sanctions are not warranted under the Court's inherent powers. Plaintiff, however, is permitted to conduct discovery to determine whether or not the settlement was actually reached in July 2010.

IV.     **Conclusion**

For the reasons stated above, plaintiff David Murray's December 20, 2011 first amended motion for sanction of judgment or, in the alternative, for an adverse inference, fees and sanctions (doc. 26) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/ Mark R. Abel
United States Magistrate Judge